UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVA R. BATES,

        Plaintiff,

vs.

        Case No. 06-CV-11153
        HON. GEORGE CARAM STEEH

MARC P. JERABEK, et al.,

        Defendants.

_____/

## ORDER OF DISMISSAL

Plaintiff Eva Bates, appearing pro per, filed a complaint on March 17, 2006 alleging she filed a civil lawsuit in Michigan's Monroe County Circuit Court on April 8, 2005 against HOMEQ Servicing Corporation for fraud and non-disclosure with respect to a $202,500.00 promissory note. Plaintiff alleges her lawsuit was assigned to Michigan Circuit Court Judge Michael Labeau. State court pleadings attached to plaintiff's complaint show that Attorney Marc Jerabek of the law firm Fabrizio & Brook, P.C. ("F&BPC") represented HOMEQ in state court. Plaintiff's claims were dismissed in the state court proceeding on March 10, 2006, seven days before plaintiff filed this federal lawsuit against Judge Labeau, HOMEQ, Jerabek, and F&BPC.

Plaintiff alleges that the several defendants deprived her of constitutional rights in state court by inter alia failing to honor her request for a subpoena duces tecum, failing to rebut in writing any of plaintiff's state claims, failing to honor the law or to uphold their oaths, committing the crime of failing to stop a public servant from depriving plaintiff of constitutional rights, and otherwise violating "the Uniform Commercial Code, as well as the

Constitution and Statutes for redress of injuries." Complaint, ¶ 5, at 4. Count I alleges involuntary servitude. Count II alleges deprivations of due process and equal protection. Count III alleges a failure to correct deprivations of due process of law and equal protection as actionable under 42 U.S.C. § 1986. Count IV alleges Judge Labeau is liable under 42 U.S.C. § 1981 for failing to correct or prevent acts that violate plaintiff's constitutional rights. Count V alleges the defendants acted in bad faith in denying plaintiff her right to a state court remedy. Plaintiff seeks $10.0 million dollars in damages and "whatever other remedy this court deems appropriate." Complaint, at 6.

In that plaintiff has paid the requisite filing fee and is not seeking in forma pauperis status, the complaint is not subject to screening for sua sponte dismissal under 28 U.S.C. § 1915(e)(2). Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). Generally, a court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff notice and an opportunity to amend the complaint. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). However, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).

Dismissal is appropriate here under the Rooker-Feldman doctrine, which "stands for the simple . . . proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." Anderson v. Charter Twp. of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001) (quoting Gottfried v. Med. Planning Servs., 142 F.3d 326, 330 (6th Cir. 1998)). Plaintiff's complaint expressly seeks to correct the March 10, 2006 dismissal of her state claims. See Complaint, ¶ 4, at 3. Judge Labeau also enjoys absolute immunity to

2

the extent plaintiff seeks monetary damages. See Januck v. Donofrio, No. 97-4404, 1999 WL 313903, at **1 (6th Cir. May 4, 1999) (citing Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967)). Dismissal is also appropriate under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), a doctrine invoked "when state proceedings are pending and principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference of the federal courts." Januck, 1999 WL 313903, at **1. Plaintiff's state court compliant was dismissed on March 10, 2006, and remained subject to challenge in the Michigan Court of Appeals at the time plaintiff filed her federal complaint on March 17, 2006. See M.C.R. 7.204(A) (allowing an appeal as of right to be taken within 21 days after entry of the judgment or order appealed from). Plaintiff also fails to allege any specific facts to support an actionable conspiracy among the defendants. See Gutierrez v. Lynch, 826 F.2d 1534, 1539 (6th Cir. 1987). Plaintiff's claim for unspecified injunctive relief fails as a matter of law to the extent plaintiff alleges the denial of due process or equal protection. See Burton v. Economous, No. 95-3369, 1995 WL 607849, **2 (6th Cir. Oct. 13, 1995). Plaintiff's complaint is subject to sua sponte dismissal because the allegations are attenuated, unsubstantiated, frivolous, devoid of merit, and no longer open to discussion. Apple, 183 F.3d at 479.

Plaintiff's Complaint is hereby DISMISSED in its entirety.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 30, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk

3